# IN THE COURT OF APPEALS OF IOWA

No. 24-0927
Filed July 23, 2025

**BENJAMIN WARD,**
        Plaintiff-Appellant,

**vs.**

**IOWA PUBLIC INFORMATION BOARD,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Christopher Kemp,

Judge.


        A complainant appeals from judicial review of a decision made by the Iowa

Public Information Board.  **AFFIRMED.**


        Benjamin Ward, Altoona, self-represented appellant.

        Brenna Bird, Attorney General, and John R. Lundquist, Assistant Attorney

General, for appellee.


        Considered without oral argument by Ahlers, P.J., and Badding and

Buller, JJ.

**BULLER, Judge.**

Benjamin Ward appeals from judicial review of agency action by the Iowa Public Information Board (IPIB). IPIB dismissed as legally insufficient two complaints made by Ward, arising out of Ward's records disputes with the Altoona Police Department (Altoona PD). On our review, we affirm.

**Background Facts and Proceedings.** Ward made two complaints to IPIB. His first complaint—numbered 23FC:0036 by IPIB's internal system—alleged that Altoona PD failed to produce complete body-cam footage of an interaction between officers and one of Ward's neighbors. Ward's specific claim was that Altoona PD withheld or redacted the first four minutes of a recording, apparently based on Ward comparing the body-cam footage timestamp against his own home security footage. The police chief responded to the complaint, indicating that nothing was redacted from the footage and speculating that the timestamps relied on by Ward were not synchronized with each other.

Ward's second complaint—originally internally numbered 23FC:0043—alleged that Altoona PD withheld records related to an open criminal investigation in which Ward was involved. Ward felt that the information he received was incomplete or inaccurate. Altoona PD responded that it had provided the immediate facts and circumstances related to this report and it withheld additional information on the basis that it was an ongoing investigation.

IPIB's executive director issued a preliminary order consolidating and dismissing Ward's complaints as legally insufficient. Ward filed a written objection, and the executive director revised the preliminary order and presented it to IPIB. The revised preliminary order proposed a finding as to Ward's first complaint that

there was "no credible evidence to indicate that [Altoona PD] did not release the entire body camera recording" and a finding as to Ward's second complaint that Altoona PD had lawfully withheld records given the competing interests and that "public harm would be done" if the ongoing-investigation file was made public. IPIB unanimously approved the revised preliminary order on June 15, 2023, and it became final agency action.

Ward sought judicial review pro se. The district court, after struggling some to understand Ward's complaint and limiting the scope of its review to issues actually before the agency, concluded IPIB's findings were supported by the reviewable record and denied judicial review. Ward appealed to the supreme court, which transferred the case to us for disposition.

**Error Preservation.** As a preliminary matter, we note the only issue preserved for our review relates to judicial review of IPIB orders consolidating and denying Ward's complaints. Ward makes numerous other allegations in his appellate brief, all of which are unpreserved, post-date IPIB's ruling, or fall outside the scope of chapter 17A, and we address them no further.[1] *See* Iowa Code § 17A.19(7) (2023). We specifically decline to consider any alleged facts Ward attempts to inject into the record that post-date the relevant agency action. *See id.* § 17A.19(8)(b) ("The validity of agency action must be determined in accordance with the standards of review provided in this section, as applied to the agency action at the time that action was taken."). And we specifically reject

---

[1] Many of Ward's allegations seemingly relate to other body-cam footage sought in *Ward v. Altoona Police Department*, No. 24-1245, 2025 WL _____ (Iowa Ct. App. July 23, 2025), which we also decide today.

Ward's requests that we do various additional things like issue an advisory opinion on whether certain crimes were committed. To the extent other improper arguments are scattered in Ward's appellate filings, including complaints about judicial officers, we reject all we can discern on error-preservation grounds or otherwise.

**Standard of Review.** We review for correction of errors at law. *See Ripperger v. Iowa Pub. Info. Bd.*, 967 N.W.2d 540, 548 (Iowa 2021). In our review of the district court's ruling on judicial review, "[w]e will apply the standards of section 17A.19(10) to determine if we reach the same result as the district court." *Ghost Player, LLC v. Iowa Dep't of Econ. Dev.*, 906 N.W.2d 454, 462 (Iowa 2018). We ask whether the agency action "prejudiced the substantial rights of the petitioner and the agency action fits one of the enumerated criteria included in Iowa Code section 17A.19(10)(a)–(n)." *Id.* To the extent any fact-findings by the agency are at issue, we review those for substantial evidence. *Ripperger,* 967 N.W.2d at 548–49.

**Discussion.** We conclude the district court correctly denied judicial review. As to Ward's first complaint (about the body-cam footage), IPIB made a credibility finding when it determined there was no credible evidence that Altoona PD had withheld or redacted any portion of the recording. The record contains no basis from which we could discern an error of law or conclude that finding prejudiced Ward's rights under any of the grounds of section 17A.19(10). *See Ghost Player*, 906 N.W.2d at 462. As to Ward's second complaint (about the ongoing-investigation records), we discern no error at law. The Iowa Code, as interpreted by the supreme court, generally permits law enforcement agencies to withhold

"[p]eace officers' investigative reports." Iowa Code § 22.7(5); *Vaccaro v. Polk Cnty.*, 983 N.W.2d 54, 60 (Iowa 2022). The Code does require a law enforcement agency to supply the immediate facts and circumstances to a requester, and we agree with the district court that IPIB did not err at law in concluding Altoona PD satisfied that obligation. *See* Iowa Code § 22.7(5). And we broadly observe that the balancing test set forth in our case law was reasonably deployed by IPIB. *See Mitchell v. City of Cedar Rapids*, 926 N.W.2d 222, 232 (Iowa 2019) (requiring consideration of whether "(1) a public officer is being examined, (2) the communication was made in official confidence, and (3) the public interest would suffer by disclosure" (citation omitted)); *Vaccaro*, 983 N.W.2d at 60 (noting the balancing of these factors helps "to guard against the chilling effect public disclosure could have on police investigations"). Having identified no error at law or unreasonable agency action, we must affirm denial of judicial review.

**AFFIRMED.**